[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: JANAZZO HEATING AND AIR CONDITIONING INC.'S MOTION FOR SUMMARY JUDGMENT (#251.50)
The defendant, Janazzo Heating and Air Conditioning, Inc. (Janazzo), moves pursuant to Practice Book § 17-49 for summary judgment as to the tenth, eleventh and twelfth counts of Shoreline Care Limited Partnership's (Shoreline) fourth amended complaint filed October 7, 1997. The tenth count of the complaint is a breach of contract claim, the eleventh count is a negligence claim and the twelfth count is a Connecticut Unfair Trade Practices Act ("CUTPA") claim. There are no other claims asserted by Shoreline against Janazzo except for those set forth in the tenth, eleventh and twelfth counts of the fourth amended complaint.
This litigation arose out of the construction of Evergreen Woods Continuing Care Retirement Community in North Branford, Connecticut (the project). The defendant Weitz Company, Inc. (Weitz) contracted with the plaintiff Shoreline Care Limited Partnership (Shoreline) on October 5, 1989, to provide "general contractor services" with respect to Phase I of the project. Weitz was obligated to perform general contractor work, including the selection of its subcontractors on all portions of the work. Phase I of the project included the construction of the community center, nursing wing, and buildings A and B of this large lifecare facility.
The plaintiff and Weitz on April 30, 1991, entered into a second contract to complete Phase II of the project, which included the completion of the north neighborhood. Weitz contracted to perform general contractor services, including the selection of its subcontractors on Phase II of the work.
Shoreline also entered into a contract with Technical Planning Associates, Inc. (TPA) as its architect for Phases I and II of the project. TPA is not a party to this litigation. The defendant Jansen 
Rogan Consulting Engineers, P.C. (Jansen Rogan) was hired by TPA to design the heating, ventilation and air-conditioning (HVAC) system. CT Page 8292
Weitz, the general contractor on the project, subcontracted with the defendant/third-party defendant Janazzo to furnish the labor, materials and equipment for the installation of the HVAC system for Phases I and II of the project.
Weitz completed its work on the project by December of 1992, and was paid in full for its services. Shoreline subsequently notified Weitz that there were defects and inadequacies in the HVAC system, and claimed that Weitz should have notified Shoreline of these design defects. Shoreline asserted a claim against Weitz for the cost of restructuring the system. On June 7, 1994, Shoreline filed a demand for arbitration, claiming that Weitz had breached the contract. Shoreline sought arbitration of all disputes under the Phase I and Phase II agreements. Weitz agreed to arbitrate the Phase II disputes, but refused to arbitrate any claims arising out of the Phase I agreement. Weitz successfully pursued an injunction preventing the arbitration of any dispute involving Phase I inWeitz Co. v. Shoreline, Superior Court, judicial district of New Haven at New Haven, docket number 365509 (November 3, 1994, Booth, J.), aff'd,Weitz Company, Inc. v. Shoreline Care Limited Partnership,39 Conn. App. 641 (1995)
The arbitration on Shoreline's claims against Weitz arising out of Phase II of the project took approximately 22 days to complete. The arbitrators issued their award on January 18, 1996, assessing no damages against Weitz. The award of no damages was confirmed by judgment entered in Weitz Company, Inc. v. Shoreline Care Limited Partnershipc, Superior Court, judicial district of New Haven at New Haven, docket number 365509 (February 18, 1997, Hodgson, J.).
In March of 1996, Shoreline moved to cite in Weitz as a defendant in this pending action, commenced against Jansen Rogan in November of 1994. The motion to cite in Weitz was granted, and Shoreline filed a third amended complaint on April 30, 1996.
On May 20, 1997, Weitz filed a motion to implead Janazzo for indemnification (#163), which was granted in June, 1997. On October 7, 1997, Shoreline moved pursuant to General Statutes § 52-102a for permission to assert a direct action against Janazzo (#171). The resulting complaint is the fourth amended complaint that is the subject of this motion for summary judgment.
Janazzo moves for summary judgment on the basis that Shoreline is not a third-party beneficiary of the Janazzo/Weitz contract and thus does not have standing to maintain its breach of contract claim set forth in the tenth count. Janazzo also asserts that the breach of contract claim as to CT Page 8293 the Phase II contract is barred by the doctrine of res judicata because a judgment in favor of Weitz already has been entered following the arbitration proceeding between Shoreline and Weitz. The motion also asserts that Shoreline's claims based on negligence and CUTPA are barred by the economic loss rule as well as by the applicable statutes of limitations. Shoreline has opposed the motion for summary judgment.
The court heard argument on the motion for summary judgment on May 14, 2001. The parties were afforded the opportunity to file subsequent memoranda, which were filed by May 29, 2001.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
. . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact . . ." (Citations omitted). Appleton v. Board of Education,254 Conn. 205, 209 (2000). "A material fact is a fact that will make a difference in the result of the case . . . The facts at issue are those alleged in the pleadings. . . . (Citations omitted; internal quotation marks omitted.) Mountaindale Condominium Assn. v. Zappone,59 Conn. App. 311, 315 (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Noland v. Borkowski,206 Conn. 495, 500 (1988). "Summary judgment may be granted where the claim is barred by the statute of limitation. Daily v. New Britain MachineCo., 200 Conn. 562, 566-70 (1986).
The court grants the motion for summary judgment as to the breach of contract claim contained in the tenth count of the fourth amended complaint.
It is clear from an examination of the facts alleged in the tenth count that Shoreline itself did not enter into the contract on which it is suing Janazzo; rather, the contract which Shoreline claims Janazzo breached was the Weitz/Janazzo contract, in two parts. The complaint at paragraph 24 refers to the August 22, 1990 contract for the Phase I HVAC system; paragraphs 25 and 26 refer to the January 9, 1992 subcontract regarding Phase II HVAC system. Shoreline seeks to enforce the CT Page 8294 Weitz/Janazzo contracts as a third party beneficiary.
Our Supreme Court recently has had the opportunity to review a third party beneficiary issue in Gazo v. Stamford, 255 Conn. 245 (2001). The court affirmed that
 [t]he law regarding the creation of contract rights in third parties in Connecticut is . . . well settled. [T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties . . .
 * * * The requirement that both contracting parties must intend to confer enforceable rights with respect to the third party rests in part at least, on the policy of certainty in enforcing contracts. That is, each party to a contract is entitled to know the scope of his or her obligations thereunder. That necessarily includes a range of potential third persons who may enforce the terms of the contract. Rooting the range of potential third parties in the intention of both parties, rather than the intent of just one of the parties, is a sensible way of minimizing the risk that a contracting party will be held liable to one whom he neither knew, nor legitimately could be held to know, would ultimately be his contract obligee.
(Citations omitted.) Id., 261-62. In this case, the contract documents specifically preclude a contractual relationship between the subcontractor (Janazzo) and the owner (Shoreline) The Weitz/Shoreline contract provides at Article 5.3 entitled "Subcontractual Relations "that" the Contractor shall require each Subcontractor, to the extent of the Work to be performed by the Subcontractor, to be bound to the Contractor by terms of the Contract Documents. . . ." The general contract further provides in Article 1.1.2 that "[t]he Contract Documents shall not be construed to create a contractual relationship of any kind . . . (2) between the Owner and the Subcontractor . . . In this instance, the subcontractor Janazzo knew and could rely upon the express terms of its contract (which CT Page 8295 incorporated the general contract) with Weitz that no contractual relationship of any kind would be created between Janazzo and Shoreline.
Janazzo contends and this court agrees that Shoreline was not a third-party beneficiary to the Weitz/Janazzo contract; Shoreline consequently lacks standing to assert a claim that Janazzo violated its contract with Weitz. Although ordinarily the question of contractual intent presents a question of fact for the ultimate factfinder, where the language is clear and unambiguous, as here, it becomes a question of law for the court. Connecticut National Bank v. Douglas, 221 Conn. 530, 545
(1992); Thompson Peck, Inc. v. Harbor Marine Contracting Corp.,203 Conn. 123, 130-31 (1987). "Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Mulligan v. Rio, 229 Conn. 716, 740
(1994)
In Gateway Co. v. DiNoia, 232 Conn. 223, 230-32 (1995), the Connecticut Supreme Court found that the determination of whether a party was a third party beneficiary under a lease agreement was a question of law because the language of the lease agreement was "clear and undisputed." The pertinent portion of the contract at issue in this case (the Weitz/Janazzo contracts) is equally clear and undisputed. Shoreline was not an intended beneficiary of the Weitz/Janazzo contract. The motion for summary judgment on the tenth count of the fourth amended complaint is granted.[1]
Janazzo next asserts in its motion for summary judgment that the negligence and CUTPA claims asserted in the eleventh and twelfth counts are barred by the applicable statutes of limitations found in General Statutes § 52-584[2] and § 42-110g,[3] respectively. In its complaint, Shoreline alleges that Janazzo's negligent acts occurred from August 22, 1990 through June of 1993. See tenth count, paragraphs 1-40, incorporated in the eleventh and twelfth counts. Janazzo asserts that the statutes of limitations began to run no later than June 7, 1994, when the plaintiff initiated arbitration proceedings against Weitz. The claims in the arbitration proceedings, as in this action, were that Weitz' subcontractor Janazzo knew or should have known of the HVAC design deficiencies but failed to report them. Shoreline asserts that the statute of limitations was tolled by subsequent repair work performed by Janazzo at the Evergreen Woods facility occurring up to October of 1994. The rule in Connecticut is that a "party trying to overcome a statute of limitations defense must, at least, allege actual reliance upon the repairs being made as the basis for not filing a lawsuit." Beckensteinv. Potter Carrier, Inc., 191 Conn. 150, 159 (1983) Shoreline has not asserted what repairs were made by Janazzo up to October 1997, nor has Shoreline alleged any reliance on those repairs so as to cause it to CT Page 8296 delay filing a claim directly against Janazzo.
The court finds that the statute of limitations for Shoreline's claims against Janazzo in negligence expired pursuant to statute in June of 1995 and regarding CUTPA in June of 1996. The application of the statutes of limitations as to Shoreline's claims against Janazzo are not affected by the fact that this litigation was commenced in 1994. The Connecticut Appellate Court in Vincent v. Litchfield Farms, Inc., 21 Conn. App. 524
(1990), held that on the basis of Rule 14(a) of the Federal Rules of Civil Procedure, on which Connecticut's impleader statute is based, "there was no intent on the part of the legislature to enlarge the rights of an original plaintiff or to extend the time in which he or she might bring a direct action against a third party defendant." Id., 527. Consequently, Shoreline filed its fourth amended complaint under General Statutes § 52-102a after the statute of limitations had run as to Janazzo. Shorelines' negligence and CUTPA claims against Janazzo are time-barred.[4] The motion for summary judgment on the eleventh and twelfth counts is granted.[5]
 CONCLUSION
The motion for summary judgment is granted. Shorelines' complaint against Janazzo contained in the tenth, eleventh and twelfth counts of the operative complaint is dismissed.
 _________________ ROBERT F. McWEENY